UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN M. RODRIGUEZ,

                Plaintiff,

-against-                              COMPLAINT

CHINH E. CHU,

                Defendant.

**'05 CIV 10800**

**JUDGE LYNCH**

### INTRODUCTION

1. This case is an action to remedy the failure of the Defendant to pay the Plaintiff overtime at the rate of time and one half as required by the Fair Labor Standards Act (FLSA), 29 U.S.C. §201 *et seq.* and the New York State Labor Law and their implementing regulations, and the failure of the Defendant to pay the Plaintiff the compensation due him under the terms of the employment agreement as required by New York State Contract Law.

### JURISDICTION

2. Jurisdiction is conferred upon this Court by 29 U.S.C. §216(b) of the Fair Labor Standards Act, by 28 U.S.C. §1331, this action arising under laws of the United States, and by 28 U.S.C. §1337, this action arising under Acts of Congress regulating commerce. Jurisdiction over the Plaintiff's claims for declaratory relief is conferred by 28 U.S.C. §§2201 and 2202.

3. This Court has supplemental jurisdiction over the state claims raised by virtue of 28 U.S.C. §1367(a).

### VENUE

4. Venue is proper in this District pursuant to 28 U.S.C. §1391(b).

5. The unlawful employment practices described in this complaint were committed within this District.

6. Upon information and belief, the Defendant resides in this District.

### PARTIES

**A. Plaintiff**

7. Plaintiff John M. Rodriguez is a resident of Staten Island, N.Y.

8. He was employed by the Defendant as a driver.

9. His consent to sue is attached to the back of this complaint.

**B. Defendant**

10. Upon information and belief, Defendant Chinh E. Chu is a resident of New York, N.Y.

11. All actions and omissions described in this Complaint were made by Defendant..

**FACTS**

12. Plaintiff Rodriguez worked for the Defendant from April 2002 through April 2003.

13. The Defendant employed the Plaintiff to transport the Defendant in and around New York City in the Defendant's own automobile.

14. Plaintiff regularly worked more than 40 hours per week for the Defendant.

15. The Defendant failed to pay the Plaintiff overtime at the rate of time and one half for all hours the Plaintiff worked over 40 in a week.

16. The Defendant's failure to pay the Plaintiff the proper wages required by law was willful.

17. The Defendant failed to compensate the Plaintiff under the terms of the employment contract.

## FIRST CAUSE OF ACTION
## (FAIR LABOR STANDARDS ACT)

18. The Defendant failed to pay overtime wages to the Plaintiff in violation of the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* and its implementing regulations.

19. The Defendant's failure to pay proper overtime wages for each hour worked more than 40 per week was willful within the meaning of the FLSA.

20. The Defendant's failure to comply with the FLSA overtime protections caused the Plaintiff to suffer loss of wages and interest thereon.

## SECOND CAUSE OF ACTION
## (NEW YORK LABOR LAW)

21. The Defendant failed to pay overtime wages to the Plaintiff in violation of N.Y. Labor Law Articles 6 and 19 and its implementing regulations, 12 NYCRR §142-2.2 *et seq.*

22. The Defendant's failure to pay proper overtime wages for each hour worked over 40 per week was willful within the meaning of N.Y. Labor Law §663.

23. The Defendant's failure to comply with the N.Y. Labor Law overtime protections caused the Plaintiff to suffer loss of wages and interest thereon.

### THIRD CAUSE OF ACTION
### (NEW YORK CONTRACT LAW)

24. The Defendant's failure to fulfill the terms of the employment contract constitutes a breach of contract under N.Y. contract law.

25. The Defendant's breach caused the Plaintiff loss of income.

**WHEREFORE**, the Plaintiff requests that this Court enter an order:

1. Declaring that the Defendant violated the Fair Labor Standards Act, N.Y. Labor Law, Articles 6 and 19, and N.Y. contract law;

2. Declaring that the Defendant's violations of the FLSA and N.Y. Labor Law were willful;

3. Granting judgment to the Plaintiff for his claims of unpaid wages as secured by the Fair Labor Standards Act as well as an equal amount in liquidated damages;

4. Granting judgment to the Plaintiff for his claims of unpaid wages as secured by Article 19 of the New York Labor Law as well as an additional 25% in liquidated damages;

5. Awarding the Plaintiff his costs and reasonable attorneys' fees;

6. Awarding any and all compensatory damages resulting from the breach of contract claim;

7. Granting such further relief as the Court finds just.

Dated: December 21, 2005

Respectfully Submitted,

Michael J. D. Sweeney, Esq. (MS 7959)
Getman Law Office
9 Paradies Lane
New Paltz, NY 12561
(845) 255-9370

ATTORNEYS FOR PLAINTIFF

# CONSENT TO SUE UNDER THE F.L.S.A.

I hereby consent to be a plaintiff in an action under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*, to secure any unpaid minimum wages, overtime, liquidated damages, attorneys' fees, costs and other relief arising out of my employment with Chinh E. Chu and any other associated parties.

I authorize Dan Getman Esq., any associated attorneys as well as any successors or assigns, to represent me in such action.

Dated: 3/16/05

John Rodriguez